# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Case No. 18-CV-2920 (SRN/LIB)

IN RE: NEWZAD R. BRIFKI

**ORDER**

Petitioner Newzad R. Brifki requests that the Court either issue or direct the appropriate executive agency to issue a corrected Certificate of Naturalization reflecting that he was born in 1984, not 1982. Because the Court lacks jurisdiction over the petition, this matter is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"Until 1991, courts had '[e]xclusive jurisdiction to naturalize persons as citizens of the United States.'" *Teng v. U.S. Citizenship and Immigration Services*, 820 F.3d 1106, 1109 (9th Cir. 2016) (quoting 8 U.S.C. § 1421(a) (1988)). Included within that jurisdiction was the authority "to correct, reopen, alter, modify, or vacate [a] judgment or decree naturalizing such person[s]." 8 U.S.C. § 1451(i) (1988). That authority was curtailed, however, by the Immigration Act of 1990, which "conferred upon the Attorney General" "[t]he sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). "The result of the legislation was that, going forward, the federal

1

courts effectively lost jurisdiction over naturalization proceedings." *Teng*, 820 F.3d at 1109.

Certificates of Naturalization are therefore bifurcated into two groups. Courts continue to retain jurisdiction, pursuant to Rule 60 of the Federal Rules of Civil Procedure, over Certificates issued prior to October 1, 1991, the effective date of the Immigration Act of 1990. *See McKenzie v. U.S. Citizenship and Immigration Services, Dist. Director*, 761 F.3d 1149, 156 (10th Cir. 2014); *Mahamud v. Dep't of Homeland Security*, No. 16-CV-2609 (JRT/HB), 2017 WL 2684224, at *2 (D. Minn. May 9, 2017); *Kouanchao v. U.S. Citizenship and Immigration Services*, 358 F. Supp. 2d 837, 839-40 (D. Minn. 2005). But certificates issued on or after October 1, 1991, are outside of the Court's purview. "[W]hen Congress ended the jurisdiction of district courts to naturalize aliens, it necessarily ended the jurisdiction to exercise powers derivative of the power to naturalize, including the power . . . to modify naturalization documents." *McKenzie*, 761 F.3d at 1156; *accord Teng*, 820 F.3d at 1109.

Brifki's Certificate of Naturalization dates from 2008. *See Brifki v. Rodriguez*, No. 13-CV-3580, Compl. ¶ 2 [ECF No. 1] (D. Minn. Dec. 20, 2013).[1] The Certificate therefore falls outside the scope of this Court's authority to alter or amend. However

---

[1] In that prior action, Brifki (with assistance of counsel) argued that 8 C.F.R. § 338.5(e) — which prohibits U.S. Citizenship and Immigration Services from altering a Certificate of Naturalization (outside of instances of clerical error) "where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization" — violated the Administrative Procedure Act. That claim was dismissed with prejudice and on the merits, and thus cannot be raised again in this action.

compelling the evidence submitted by Brifki that the date of birth listed on his Certificate of Naturalization is wrong and that the mistake was inadvertent, the Court simply lacks jurisdiction to make the requested change. This matter must be dismissed without prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that this matter is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 1, 2019
s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge